DOMENGEAUX, Judge.
This is a workmen’s compensation suit for total and permanent disability benefits, penalties, and attorney’s fees. From a judgment in favor of the defendant, plaintiff has appealed.
On January 21, 1972, Leta Deville Du-plechain was employed by the defendant, Air King Corporation, of Eunice, Louisiana, a manufacturer of fans and other cooling equipment. On this date, while operating a machine press, the tips of plaintiff’s right ring and middle fingers were partially amputated.
After the accident Mrs. Duplechain was taken to a local hospital where Doctor Gary Lafleur treated her. She sustained loss of the tip of the right middle finger (including the entire nail) and the very tip *461 end (retaining only a portion of the nail bed) of the ring finger. She did not thereafter return to her former job duties at defendant’s plant and remained under the treating physician’s care until March 3, 1972. On this latter date the plaintiff was discharged as cured and able to return to work. The doctor placed a permanent physical impairment of 6.3% on her right hand due to the amputated finger tips.
Some time thereafter, in August or September, 1972, the plaintiff contacted her family physician in Eunice who referred her for an examination to Doctor Ladislas Lazaro, an Opelousas orthopedic surgeon. Doctor Lazaro examined plaintiff on September 21, 1972, stating that she had “very bizarre” complaints in the hand region (which included numbness and pain radiating up to the elbow and forearm) in addition to her holding the hand in a “bizarre •oosture”. His examination however revealed that the tips of fingers were sufficiently healed with no evidence of a neuro-ma formation, no sensory deficit due to pin testing, normal circulatory status and sweat pattern, and complete control of the hand with a good range of motion therein. He concluded that plaintiff had a 10% physical impairment of the hand, hut that she was capable of returning to work: He attributed her complaints to emotional overlay.
Thereafter, at the request of the defendant, plaintiff was examined by Dr. William L. Meuleman, a Lafayette orthopedic surgeon, on November 13, 1972. On this occasion the plaintiff had complaints of stiffness, pain, some numbness, and the inability to effectively use her right hand. The doctor, however, upon examination found no basis for these complaints. His findings were essentially the same as Doctor Lazaro’s but additionally noted that the working surface of the two fingers had good fatty pads, no real limitation in the joints, and that plaintiff could grasp with the hand and make a fist. The doctor concluded that plaintiff could return to work without any detriment to 'her health or well-being, but with a 5% impairment of the hand.
Workmen’s compensation payments were made to the plaintiff by the defendant in the sum of $46.80 per week from the date of her accident until November 24, 1972, (total compensation paid being $2,059.20) at which time benefits were discontinued. All medical bills tendered by the plaintiff were paid by her employer.
Suit was subsequently filed on February 21, 1973.
In preparation for trial, plaintiff was also examined by Dr. Irving A. Fosberg, a New Orleans psychologist. Although not a medical practitioner, (recognized however as an expert in industrial psychology) he testified that he administered the plaintiff several tests for intelligence, reading, and hand co-ordination, from which he drew certain conclusions. These were that plaintiff was a 52 year old woman, with a fourth grade education, retarded intellectual capacity, very poor reading ability, and no manual dexterity capable of enabling her to compete in any laboring situation involving eye-hand work. Although he disagreed with the medical experts that there was no physical limitation to the plaintiff returning to her work, the psychologist did recognize that medical questions were beyond the scope of his expertise. He also agreed that the plaintiff could use certain tools or instruments of her former job but opined she could not do the job quickly or precisely enough to meet the job demands.
At trial plaintiff testified that she had formerly worked in defendant’s plant on an assembly line where she boxed and packaged finished products, in addition to simple wiring duties and inserting screws which were needed. Some six months prior to her accident she was transferred to the press department where her job duties involved handling thin sheets of metal and hand placing them into a press which shaped the metal pieces. Plaintiff further testified that as a result of the accident *462 her hand bothers her almost continuously, that it often shakes, is numb, and a little painful, and that she has trouble doing certain phases of housework.
Defendant’s personnel and office manager, Frederick Doyle, also testified. He stated that at the time the plaintiff was hired the company had a regular program to hire handicapped people and those who found it difficult to obtain regular employment. In addition he indicated that five or six people with similiar handicaps of missing fingers were employed by the plant and in the press department where the plaintiff was at the time of her accident.
Of these handicapped people, one Adam Ledey, was also called to testify. He stated that he was employed by the defendant company, yet lacked the ends of all three middle fingers on his right hand, the amputation thereof incurred during his work in the defendant’s machine press department. He further indicated that after his amputation healed and he returned to work he could do the press machine job without any difficulty.
The trial judge, without rendering written reasons, dismissed plaintiff’s demands. The sole issue before us is whether the trial judge erred in concluding that plaintiff was not totally and permanently disabled.
We opine that the medical evidence is without contradiction, i. e. that the plaintiff is able to return to her former job duties. The only conflict with this conclusion is the testimony of the plaintiff herself and an industrial psychologist. Although the courts readily recognize experts testifying in the field of psychology, we have yet to base a decision, on whether a person is deemed medically disabled to return to work, solely on such testimony, (especially when we have three physicians testifying to the contrary). Neither can we do so herein. Plaintiff’s testimony, on the other hand, is completely self-serving.
Under the foregoing evidence presented we agree with the conclusions of the trial judge that plaintiff failed to sustain the burden of showing that she was totally and permanently disabled at the time of the trial herein.
Plaintiff’s partial disability of the right hand was deemed to be between 5% and 10%. Under the schedule of payments in LSA-R.S. 23:1221 (for the permanent partial loss of the hand) and the jurisprudence interpreting same, plaintiff has already received in excess of that which would have been due under the Compensation Act for her injury from the former weekly compensation benefits paid by the defendant.
Therefore the judgment appealed from is affirmed at plaintiff-appellant’s costs.
Affirmed.